United States District Court
Southern District of Texas
**ENTERED**
December 20, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAHEED JAHEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-21-1617 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

After reviewing the pleadings and applicable law, the court finds it lacks subject-matter jurisdiction, and the case must be remanded to the Justice of the Peace 5-1 of Harris County, Texas.

### I. BACKGROUND

This case arises out of the alleged mishandling of mortgage payments made by plaintiff Naheed Jahen ("Jahen") to defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Dkt. 1, Ex. D-1. Proceeding *pro se*, Jahen sued Wells Fargo on March 30, 2021, by filing a small claims petition in Texas state court. *Id.* There, Jahen sought $17,500 from Wells Fargo for increasing his monthly mortgage payments to pay unauthorized insurance premiums, applying pandemic relief programs to his account without authorization, and failing to report his payments to the credit bureaus. *See id.* The small claims petition did not reference a specific statute. *Id.*

Nevertheless, on May 14, 2021, Wells Fargo removed the case to this court under federal-question jurisdiction, speculating that Jahen's cause of action was based on violations of the Fair Credit Reporting Act ("FCRA"). Dkt. 1. On August 30, 2021, Jahen filed an amended complaint clarifying the sole cause of action was for violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.50, and reaffirmed his previous demand

for damages in the amount of $17,500.  Dkt. 12.  Wells Fargo filed its amended answer on September 20, 2021.  Dkt. 13.  Neither party notified the court of the jurisdictional issue upon learning there was no federal question.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Lavery v. Barr*, 943 F.3d 272, 275 (5th Cir. 2019).  The court may consider the question of subject-matter jurisdiction *sua sponte* since "subject-matter delineations must be policed by the courts on their own initiative."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S. Ct. 1563 (1999).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  *Id.*

## III.  ANALYSIS

Wells Fargo removed this case by invoking federal-question jurisdiction.  Dkt. 1.  A case has federal question jurisdiction when a claim arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Pursuant to the well-pleaded complaint rule: 'whether a case is one arising under the Constitution or a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim.'"  *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10, 103 S. Ct. 2841 (1983)).

Jahen's *pro se* small claims petition did not reference a statute.  Dkt. 1, Ex. D-1.  Wells Fargo interpreted Jahen's allegations as a claim arising under the FCRA, a federal statute.  Dkt. 1. However, Jahen's amended complaint clarified that his sole cause of action arises from state law,

specifically, violations of the Texas Deceptive Trade Practices-Consumer Protection Act.[1] Dkt. 12. Thus, federal-question jurisdiction is inapplicable because Jahen's statement of his case does not present a federal question. *See Barrois*, 533 F.3d at 328. Further, Jahen seeks only $17,500 in damages. Dkt. 12. Because the amount in controversy requirement is not met, diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332(b). Therefore, the court lacks subject-matter jurisdiction and must remand the case. 28 U.S.C. § 1447(c).

## IV. Conclusion

The court lacks subject-matter jurisdiction to adjudicate this case. Therefore, the case is REMANDED to the Justice of the Peace 5-1 of Harris County, Texas. Further, it is ORDERED that Wells Fargo shall pay Jahen any costs and actual expenses he incurred, if any, as a result of the removal.

Signed at Houston, Texas on December 17, 2021.

_____
Gray H. Miller
Senior United States District Judge

---

[1] The court is concerned that the defendant did not raise the issue of subject-matter jurisdiction after Jahen filed his amended complaint. Knowing that the plaintiff was proceeding *pro se* and that federal-question jurisdiction was based solely on the defendant's own speculative interpretation of the small claims petition, the court would have expected the defendant's attorneys, as officers of the court, to raise the jurisdictional issue upon learning that speculation was incorrect rather than waiting for the court to address the issue *sua sponte*.